**Landell Shontez SHECKLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–02–01706–CR, 05–02–01707–CR, 05–02–01708 CR, 05–02–01709–CR.

Court of Appeals of Texas, Dallas.

Dec. 16, 2003.

John H. Hagler, Dallas, for Appellant.

William T. (Bill) Hill, Jr., and Matthew R. Filpi, Dallas, for State.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion By Justice FRANCIS.

After Landell Shontez Sheckles pleaded guilty, the trial court sentenced him to life in prison for three aggravated robberies and twenty years in prison for aggravated assault. In a single issue, appellant contends his guilty pleas were not knowing and voluntary. Because we conclude we do not have jurisdiction, we dismiss the appeals.

The record shows appellant pleaded guilty in each case, and in exchange for his pleas, the State agreed (1) to dismiss a pending aggravated sexual assault case, (2) to refrain from filing additional aggravated robbery cases, and (3) not to seek stacked sentences. With respect to the State's offer, appellant understood that because the State was dismissing an aggravated sexual assault case, he would not be subject to sex offender registration laws. Additionally, he understood that, had he gone to trial, the State would have sought to stack his sentences. The question before this Court is whether this plea bargain agreement requires appellant to meet the extra-notice requirements of former Texas

Rule of Appellate Procedure 25.2(b)(3) (in effect at time appellant filed his notice of appeal) to invoke our jurisdiction. We conclude it does.

The Texas Court of Criminal Appeals recently held that a plea bargain substantially similar to the one before us constituted an agreement on punishment. In *Shankle v. State*, 119 S.W.3d 808, 809 (Tex. Crim.App. 2003), the defendant pleaded guilty to aggravated sexual assault of a child in exchange for the State's promise (1) to bar prosecution of a burglary of a habitation case and (2) not to file additional charges arising from the same event. The defendant then complained on appeal about the trial court's failure to admonish him that he would be required to register as a sex offender. The court of criminal appeals concluded he had no right to appeal, reasoning that "charge-bargaining" affects punishment:

> An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed.

*Shankle*, 119 S.W.3d at 813. Because the defendant pleaded guilty and his punishment did not exceed that recommended by the prosecutor and agreed to by him, the court held "the plea-bargaining defendant had no right of appeal under the applicable rule of appellate procedure." *Id.*

As in *Shankle*, the plea bargain agreement in this case effectively put a cap on punishment. Appellant pleaded guilty, and his punishment did not exceed that recommended by the prosecutor and agreed to by him. He was bound by the notice requirements of rule 25.2(b)(3) to invoke our jurisdiction. Because appellant complains about the voluntariness of his pleas but filed only general notices of appeal, we do not have jurisdiction. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim.App.2001) (holding rule 25.2(b)(3) does not permit plea-bargaining defendant to appeal voluntariness of plea).

We dismiss the appeals for want of jurisdiction.