IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,968-01, WR-70,968-02, WR-70,968-03, WR-70,968-04






EX PARTE LANDELL SHONTEZ SHECKLES, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. F-0175858-LI, F-0176232-NI, F-0176231-LI, F-0176369-TI IN THE 
 CRIMINAL DISTRICT COURT 2 FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three
aggravated robberies and was sentenced to life imprisonment for each. He was also convicted of 
aggravated assault for which he was sentenced to 20 years' imprisonment. All sentences run
concurrently. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because 
counsel failed to file the appropriate notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 Applicant pleaded guilty and appealed after a hearing on a motion for new trial. Like his 
motion for new trial, Applicant's appeal argued that his plea was involuntary. However, the appeal
was dismissed, because his attorney filed "general notices of appeal" as opposed to notices compliant
with the Rules of Appellate Procedure then governing the appeal. Sheckles v. State, 122 S.W.3d 482
(Tex. App.-Dallas 2003, no pet.). The trial court shall make findings of fact as to whether Applicant
was denied his right to a meaningful appeal because Applicant's counsel failed to file the
appropriate notices of appeal required to perfect appeal. If inappropriate notices of appeal were filed,
the trial court shall make findings of fact as to why counsel did not file notices of appeal based on
the trial court's ruling on Applicant's motion for new trial, or other grounds that may have been
available. The trial court shall also make findings of fact as to when Applicant's trial counsel
withdrew from representation, when appellate counsel assumed responsibility for Applicant's
representation, who filed the notices of appeal, and when they were filed. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief. The trial court shall forward a copy of the
notices of appeal filed in Applicant's cases.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 14, 2009

Do not publish